Michael Peffer (SBN: 192265)
Email: michaelpeffer@pji.org
Nilab Sharif (SBN: 231296)
Email: nsharif@pji.org
**PACIFIC JUSTICE INSTITUTE**
2200 North Grand Ave.
Santa Ana, CA 92704
Tel: (714) 796-7150

Attorneys for Plaintiff, LILIANA GARCIA

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LILIANA GARCIA, an individual,<br><br>    Plaintiff,<br><br>vs.<br><br>CHAFFEY COLLEGE; DOES 1-10, inclusive<br>    Defendants. | **Case No.:**<br><br>**VERIFIED COMPLAINT FOR VIOLATION OF RIGHTS UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 [42 U.S.C. 2000e et seq.]**<br>**(DEMAND FOR JURY TRIAL)** |

- 1 -

**COMES NOW, Plaintiff, LILIANA GARCIA** (hereinafter **"PLAINTIFF"), and for her Complaint alleges as follows:**

### INTRODUCTION

Plaintiff, LILIANA GARCIA brings this action against CHAFFEY COMMUNITY COLLEGE DISTRICT ("CHAFFEY"), a public community college district. This action is based on violations of Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e et. seq.).

Plaintiff has worked for Defendant as an Administrative Assistant II. In 2021, Defendant required its employees to be vaccinated for SARS-CoV-2 (COVID-19) pursuant to the Defendant's Chaffey Community College District Employee Mandatory Vaccination Implementation Plan ("the Plan"). Because of the Plaintiff's faith, she sought an accommodation for her sincerely held religious beliefs to be exempt from taking the vaccine. Although Plaintiff's religious exemption request was approved, Defendant chose to treat Plaintiff unfavorably because of her religious beliefs by offering her unreasonable accommodations and engaging in retaliatory actions against Plaintiff.

The gravamen of the complaint is that Defendant refused to reasonably accommodate, otherwise discriminated against, and retaliated against PLAINTIFF because she sought an accommodation based on her religious beliefs.

/ / /

**JURISDICTION AND VENUE**

1. The Court has authority over the action pursuant to 28 U.S.C. § 1331, in federal questions raised under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. The court has supplemental jurisdiction over Plaintiff's related claims arising under corollary state anti-discrimination law pursuant to 28 U.S.C. § 1367(a).

2. Venue is proper in the Central District of California under 42 U.S.C. §2000e-5(f)(3), in that the Defendant maintains significant operations within the Central District of California. The location of Defendant where the alleged unlawful employment practices took place is within the Central District of California. This case is appropriate for assignment to the Eastern Division. The Defendant is headquartered in Rancho Cucamonga, San Bernardino County, and the situs of the alleged unlawful employment practices took place at the Defendant's Rancho Cucamonga location.

**PARTIES**

**PLAINTIFF**

3. At all times relevant herein, LILIANA GARCIA was an employee of CHAFFEY as an Administrative Assistant II. PLAINTIFF has been employed by CHAFFEY for seventeen (17) years. Ms. GARCIA resided in the county of San Bernardino at the time of the events that gave rise to the Complaint.

## DEFENDANT

4.      Upon information and belief, CHAFFEY is a public community college district operating and headquartered in the city of Rancho Cucamonga, San Bernardino County, California. At the time of the events that gave rise to this Complaint, CHAFFEY employed PLAINTIFF as an Administrative Assistant II.

5.      The true names and capacities, whether individual, corporate, associate, or otherwise, of DOES 1-100, inclusive are unknown to PLAINTIFF at the time, who therefore sues said DEFENDANTS by such fictitious names. PLAINTIFF is informed and believes and thereon alleges that each of the fictitiously named DEFENDANTS is in some way responsible for, or participated in, or contributed to, the matters and things complained of herein, and is legally responsible in some manner. PLAINTIFF will seek leave to amend the Complaint when the true names, capacities, and responsibilities have been ascertained.

## STATEMENT OF FACTS

6.  At all times relevant hereto, the PLAINTIFF was performing competently in the position she held with DEFENDANT. PLAINTIFF has been employed by DEFENDANT for seventeen (17) years.

7.  At the time of the alleged events, PLAINTIFF held the position of Administrative Assistant II, also her current role at CHAFFEY. PLAINTIFF is a classified employee. PLAINTIFF is a member of the CSEA Union.

8. Due to COVID-19, DEFENDANT moved to a mainly fully remote work and instruction model in 2020.

9. During DEFENDANT's remote work model, PLAINTIFF was able to successfully work remotely and complete her assigned work.

10. On July 22, 2021, DEFENDANT published its COVID-19 reopening plan. According to the reopening plan, all managers and classified employees were to return to work at least 50 percent of the time onsite, and to continue to work remotely the other 50 percent of the time starting August 10, 2021.

11. On August 17, 2021, the Chaffey Governing Board passed a COVID-19 Vaccine Mandate ("the Mandate") that required employees to show proof of vaccination by October 15, 2021. The Mandate allowed for employees and students to request an exemption based on a sincerely held religious belief or a medical condition.

12. It is PLAINTIFF's belief and understanding that the makers of the COVID-19 vaccine utilized aborted fetal cell lines in the testing and/or manufacturing of the vaccine.

13. On October 14, 2021, PLAINTIFF submitted a Request for a Religious Exemption from the Vaccine Mandate due to a conflict between her sincerely held religious beliefs and the COVID-19 vaccine. In her request, PLAINTIFF explained that her exemption request is based on her objection to the use of aborted fetal cells

GARCIA COMPLAINT FOR VIOLATION OF TITLE VII; DEMAND FOR JURY TRIAL

in vaccines, and her belief in the sanctity of the body. Plaintiff also cited to scripture in support her belief in the sanctity of the body.

14.While employed as an Administrative Assistant II, PLAINTIFF was assigned her own private office, thereby greatly reducing her interactions with other employees and students.

15. On or about October 15, PLAINTIFF was notified that her religious exemption request had been granted. PLAINTIFF was instructed to attend an interactive process meeting on October 18, 2021 to "explore" her exemption request and discuss possible accommodations.

16.On or about October 18, 2021, DEFENDANT held an interactive process meeting with PLAINTIFF to identify reasonable accommodations. During such meeting, DEFENDANT informed PLAINTIFF that the intent of the meeting was to discuss possible accommodations.

17.On or about October 20, 2021, DEFENDANT sent PLAINTIFF a post-interactive process meeting accommodation email, which included the following instructions commencing October 27, 2021:

    a. Week one: Mon.-Wed. on campus 4:30 p – 1:00 am or 1:30 am, depending on employee choice of a ½ or 1 hour lunch;

    b. Week two: Thurs. and Fri. on campus 4:30 p – 1:00 am or 1:30 am, depending on employee choice of a ½ or 1 hour lunch;

    c. For PLAINTIFF to post her weekly schedule by month a) on her

office door, & the main office door, and b) have a copy available for other employee reference so office, faculty and students know they can reach out to the office during accommodation hours via office phone, and/or via zoom, and/or via cranium café.

d. Participate in weekly onsite COVID-19 testing during onsite working hours, and register for onsite testing through NAVICA.

e. Mask and social distance at all times while onsite the campus.

18. Due to this new unstable work schedule, which included working onsite until 1:00/1:30 a.m., PLAINTIFF began to experience exhaustion and fatigue a majority of the time. She would also feel nervous and feared for her safety while on campus during such late hours. PLAINTIFF's health and sleep also suffered, causing her to feel nervous and irritable. As a result, PLAINTIFF felt she was placed in a position where she would be unable to meet and complete her daily job tasks.

19. DEFENDANT held a subsequent meeting with PLAINTIFF, and sent her a modified accommodation work hours plan on December 21, 2021, which included the following instructions effective January 3, 2022:

a. Split-shift work hours:

i. Work onsite Monday through Friday from 4:30 p.m. to 8:30 p.m.;

ii. "Your supervisor will work with you to assign 4 hours of work that can be performed daily on a remote basis;"

- 7 -

GARCIA COMPLAINT FOR VIOLATION OF TITLE VII; DEMAND FOR JURY TRIAL

b. New onsite work location at the SS-127 facility;

c. Continue to participate in weekly onsite COVID-19 testing;

d. Continue to wear a mask and social distance at all times while on onsite or at any District facility.

DEFENDANT's communication also stated these accommodations will result in the "elimination of essential functions of your job (i.e., you are not present when the majority of the campus community is present to assist the campus community as required in your job description) and therefore such accommodations are not reasonable. However, employers, like Chaffey College, are still permitted to provide such accommodations, if they choose."

20. On or about January 3, 2022, PLAINTIFF's manager, Cory Schwartz, contacted PLAINTIFF telephonically to inform her of her new work hours for Spring 2022. Per Ms. Schwartz, PLAINTIFF's work hours would be a split shift consisting of:

a. Mon.-Fri. work remotely 11:30 a.m.-3:30 p.m.; &

b. Mon.-Fri. work onsite 4:30 p.m.-8:30 p.m.

21. PLAINTIFF's new office location at the SS-127 facility was isolated from the rest of the district staff.  It is PLAINTIFF's belief and understanding that her removal from her private office to such an isolated location was an attempt to discriminate against her, segregate and humiliate her because of her vaccination

status and her religious beliefs.

22. PLAINTIFF continued to work the split shift work hours through May 31, 2022.

23. PLAINTIFF was finally permitted to return to work out of her private office in the Fall of 2022.

24. Although DEFENDANT's stated purpose for the implementation of these accommodations was to limit "the number of unvaccinated individuals who are present on campus when the largest number of people are present on campus," it is PLAINTIFF's belief and understanding that this standard did not apply to some unvaccinated faculty who were permitted to work onsite during normal business hours of 7:30am-4:30pm, were free to access various areas of the college campus, and were not required to follow safety protocols (i.e. social distancing and masking). Accordingly, PLAINTIFF believes DEFENDANT's adverse employment actions and implementation of accommodations, which DEFENDANT admitted were not reasonable, were a direct result of her religious beliefs.

25. As a further demonstration of its discriminatory animus towards unvaccinated employees who sought religious accommodations, DEFENDANT offered and paid vaccinated classified employees a $1,000 bonus.

26. PLAINTIFF continued to follow DEFENDANT's accommodations

plan until Chaffey's Governing Board passed Resolution No: 111622B, which ended the Vaccine Mandate effective January 1, 2023.

27.   In July 2021, **before** DEFENDANT implemented its COVID-19 vaccine mandate, the Centers for Disease Control (CDC) admitted that the approved covid vaccines do not prevent the transmission of covid between individuals, and that "*vaccinated people . . . can transmit the virus.*"[1]

28.   Further, regular testing had been found to be an acceptable practice as an alternative to vaccination by the appropriate authorities.

29.   Accordingly, it was clear to DEFENDANT that vaccinated employees could transmit the COVID virus when it discriminated and retaliated against PLAINTIFF by insisting on moving her to a different office, segregating her, treating her differently from other unvaccinated employees due to her religious beliefs, and forcing her to work unreasonable onsite hours while admitting that such an accommodation was not reasonable.

30.   PLAINTIFF received a Notice of Right to Sue (NRTS) from the EEOC on June 25, 2024. PLAINTIFF's EEOC NRTS serves as "Exhibit One" to

---

[1] *See Statement from CDC Director Rochelle P. Walensky, MD, MPH on Today's MMWR* December 19, https://www.cdc.gov/media/releases/2021/s0730-mmwr-covid-19.html (last visited on 2024) (emphasis added).

GARCIA COMPLAINT FOR VIOLATION OF TITLE VII; DEMAND FOR JURY TRIAL

this Complaint.

## FIRST CAUSE OF ACTION

**Violation of Title VII of the Civil Rights Act of 1964 [42 U.S.C. § 2000e et seq.]
Failure to Provide Reasonable Accommodation Against Defendant**

31.    PLAINTIFF hereby incorporates and realleges the preceding paragraphs as though fully set forth herein.

32.    Pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a)(1), it is an unlawful employment practice for an employer: (1) to fail or refuse to hire or discharge any individual, or otherwise discriminate against any individual with respect to his or her compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or (2) to limit, segregate, or classify his or her employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his or her status as an employee, because of such individual's race, color, religion, sex, or national origin.

33.    A plaintiff can make out a Title VII prima facie case for a failure to accommodate by showing (1) she had a bona fide religious belief, the practice of which conflicted with an employment duty; (2) she informed her employer of the belief and conflict; and (3) the employer threatened her or subjected her to discriminatory treatment because of her inability to fulfill the job requirements.

*Tiano v. Dillard Dep't Stores, Inc.,* 139 F.3d 679, 681 (9th Cir. 1998).

34.     Accordingly, employers cannot treat employees more or less favorably due to their religion.

35.     The accommodation offered by the employer must be reasonable. *Lewis v. New York City Transit Auth*., 12 F.Supp.3d 418, 442-45 (E.D.N.Y. 2014).

36.     PLAINTIFF was, at all times relevant herein, an employee and applicant covered by U.S.C. 42 § 2000e et seq.

37.     PLAINTIFF held a deeply sincere religious objection to receiving the COVID-19 vaccine injection, and asked DEFENDANT to accommodate her sincerely held religious belief.

38.     Even though PLAINTIFF's religious exemption request was accepted, DEFENDANT chose to offer accommodations which it admitted were not reasonable.

39.     DEFENDANT insisted on discriminating against PLAINTIFF despite the CDC's statement that vaccinated individuals could transmit the COVID virus.

40.     DEFENDANT further discriminated against PLAINTIFF when it treated PLAINTIFF unfavorably and differently based on her religious beliefs.

41.     Therefore, PLAINTIFF's religious beliefs and practices were a motivating factor in DEFENDANT's decisions.

42.     PLAINTIFF suffered significant damages because of DEFENDANT's

- 12 -

unlawful discriminatory actions, including emotional distress, and the costs of bringing the action.

43. DEFENDANT intentionally violated PLAINTIFF'S rights under Title VII with malice or reckless indifference.

44. PLAINTIFF is entitled to compensatory damages, attorney's fees, costs of suit, a declaration that DEFENDANT violated her rights under Title VII, and an injunction prohibiting DEFENDANT from future violations of Title VII.

45. PLAINTIFF is entitled to further relief as set forth below in her Prayer for Relief.

## SECOND CAUSE OF ACTION
**Violation of Title VII of the Civil Rights Act of 1964 [42 U.S.C. § 2000e et seq.]**
**Retaliation Against Defendant**

46. PLAINTIFF hereby incorporates and realleges the preceding paragraphs as though fully set forth herein.

47. Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-3(a)(1), prohibits retaliation by an employer, employment agency, or labor organization because an individual has engaged in protected activity.

48. The EEOC and the Department of Labor have taken the position that requesting a religious accommodation is a protected activity under Title VII.

49. According to the EEOC, retaliation includes a fact pattern where an employee has opposed discrimination on the basis of religion, or complained about

alleged religious discrimination. https://www.eeoc.gov/laws/guidance/section-12-religious-discrimination.

50.   To make out a prima case for retaliation under Title VII, a plaintiff must show that: (1) she engaged in a protected activity, (2) her employer took an adverse employment action against her, and (3) there was a causal connection between the protected activity and the employer's act. *Yanowitz v. L'Oreal USA, Inc.*, 36 Cal.4th 1028, 1042(2005); *Passantino v. Johnson & Johnson Consumer Prods., Inc.*, 212 F.3d 493, 506 (9th Cir. 2000).

51.   PLAINTIFF was, at all times relevant herein, an employee and applicant covered by U.S.C. 42 § 2000e et seq.

52.   PLAINTIFF held a deeply sincere religious objection to receiving the COVID-19 vaccine injection.

53.   PLAINTIFF engaged in a protected activity when she submitted to DEFENDANT a request for a religious accommodation to her sincerely held religious belief.

54.   Soon after her submission of a religious exemption request, PLAINTIFF was subjected to unfavorable treatment by DEFENDANT.

55.   DEFENDANT willfully proposed accommodations which it admitted were not reasonable.

56.   DEFENDANT insisted on taking adverse actions against PLAINTIFF

despite its knowledge that vaccinated employees can transmit the virus. Therefore, PLAINTIFF's submission of a religious accommodation request, and her complaints to DEFENDANT about unfavorable and differential treatment were motivating factors in DEFENDANT's discriminatory and retaliatory treatment of PLAINTIFF.

57. PLAINTIFF suffered significant damages because of DEFENDANT's unlawful retaliatory actions, including emotional distress, and the costs of bringing the action.

58. DEFENDANT intentionally violated PLAINTIFF'S rights under Title VII with malice or reckless indifference.

59. PLAINTIFF is entitled to compensatory damages, attorney's fees, costs of suit, a declaration that DEFENDANT violated her rights under Title VII, and an injunction prohibiting DEFENDANT from future violations of Title VII.

60. PLAINTIFF is entitled to further relief as set forth below in his Prayer for Relief.

### THIRD CAUSE OF ACTION
**Breach Of The Implied Covenant Of Good Faith And Fair Dealing
Against Defendant**

61. PLAINTIFF hereby incorporates and realleges the preceding paragraphs, as though fully set forth herein.

62. PLAINTIFF was at all times relevant herein an employee who performed

her job in an exemplary manner.

63. DEFENDANT and PLAINTIFF entered into an employment relationship in 2004.

64. PLAINTIFF timely submitted her religious exemption request to DEFENDANT seeking an accommodation to its vaccine mandate.

65. According to California law, employment contracts consist of "an implied promise of good faith and fair dealing." "This implied promise means that neither the employer nor the employee will do anything to unfairly interfere with the right of the other to receive the benefits of the employment relationship." CACI 2423; (*Comunale v. Traders & General Ins. Co.* (1958) 50 Cal.2d 654).

66. An employer breaches the implied covenant of good faith and fair dealing by acting in bad faith to prevent an employee from enjoying the benefits of his or her employment contract, thus causing the employee damage. (*Foley v. Interactive Data Corp.* (1988) 47 Cal.3d 654, 683; *Sheppard v. Morgan Keegan & Co.* (1990) 218 Cal.App.3d 61, 66; see also BAJI 10.05, 10.35, 10.38.)

67. DEFENDANT breached its obligation to PLAINTIFF to act in good faith and fair dealing when it:

    a. Approved PLAINTIFF's religious exemption request to its vaccine mandate without any intention of granting PLAINTIFF a reasonable accommodation;

b. Retaliated against her by treating her unfavorably, acts which included forcing PLAINTIFF to work split shifts and outside of normal business hours, and treating vaccinated employees more favorably via its $1,000 bonus incentive;

c. Removed her from her private to an isolated work area in order to segregate and humiliate her;

d. Refused to engage in good faith discussions regarding PLAINTIFF's request for a reasonable accommodation, even though DEFENDANT admitted its offer of accommodations was not reasonable; and

e. Treated PLAINTIFF differently and unfavorably from other unvaccinated staff due to her religious beliefs even though it was aware of the lack of the COVID vaccine's efficacy.

68. PLAINTIFF suffered damages because of DEFENDANT's unlawful discriminatory actions, including emotional distress and the cost of bringing this action.

69. DEFENDANT intentionally violated PLAINTIFF's rights under CACI 2423 and, as a result, is liable for compensatory damages.

70. PLAINTIFF is entitled to such other and further relief as more fully set forth below in her Prayer for Relief.

///

- 17 -

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays the Court grant relief as follows:

A.      Award PLAINTIFF compensatory damages in an amount according to proof;

B.      Award PLAINTIFF noneconomic damages, including but not limited to mental health suffrage;

C.      Award PLAINTIFF her reasonable attorney's fees and costs of suit;

D.      Enjoin DEFENDANT from engaging in future violations of Title VII;

E.      Declare that DEFENDANT has violated Title VII of the Civil Rights Act; and

F.      Grant PLAINTIFF such additional or alternative relief as the Court deems just and proper.

DATED: 9/23/2024                              **PACIFIC JUSTICE INSTITUTE**

By:_*Michael Peffer*_____
MICHAEL J. PEFFER, ESQ.,
NILAB O. SHARIF, ESQ.
Attorneys for Plaintiff,
LILIANA GARCIA

## DEMAND FOR JURY TRIAL

Plaintiff, LILIANA GARCIA, hereby demands a jury trial in the matter.


DATED: 9/23/2024                    **PACIFIC JUSTICE INSTITUTE**

                                    By:_*Michael Peffer*_____
                                    MICHAEL J. PEFFER, ESQ.,
                                    NILAB O. SHARIF, ESQ.
                                    Attorneys for Plaintiff,
                                    LILIANA GARCIA

GARCIA COMPLAINT FOR VIOLATION OF TITLE VII; DEMAND FOR JURY TRIAL

## VERIFICATION

I, LILIANA GARCIA, am the Plaintiff in the above-captioned matter. I have read the VERIFIED COMPLAINT FOR VIOLATION OF RIGHTS UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 [42 U.S.C. 2000e et seq.] and am familiar with same. The contents are true and accurate and known to me by personal knowledge except for those matters asserted on information and belief. As to those matters, I believe them to be true. I declare under penalty of lying under oath, under the laws of the United States and the State of California, that the foregoing is true and correct. Executed this 23rd day of September 2024, in the San Bernardino, State of California.

_Liliana Garcia_
Liliana Garcia (Sep 23, 2024 10:12 PDT)

**LILIANA GARCIA**

**SECOND AMENDED VERIFIED COMPLAINT FOR VIOLATION OF RIGHTS UNDER
TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 [42 U.S.C. 2000E ET SEQ.]**

# VERIFIED COMPLAINT FOR VIOLATION OF RIGHTS UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 [42 U.S.C. 2000e et seq.](DEMAND FOR JURY TRIAL)

Final Audit Report                                                    2024-09-23

| | |
|---|---|
| Created: | 2024-09-23 |
| By: | Michael Peffer (mpeffer@pji.org) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAA7hiFg6ZcdiXd7zwnXlGF3g7OsNgLrmPd |

## "VERIFIED COMPLAINT FOR VIOLATION OF RIGHTS UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 [42 U.S.C. 2000e et seq.](DEMAND FOR JURY TRIAL)" History

Document created by Michael Peffer (mpeffer@pji.org)
2024-09-23 - 11:16:32 PM GMT- IP address: 12.249.207.158

Document emailed to garcialiliana65@yahoo.com for signature
2024-09-23 - 11:16:35 PM GMT

Email viewed by garcialiliana65@yahoo.com
2024-09-23 - 11:18:25 PM GMT- IP address: 146.75.146.0

Signer garcialiliana65@yahoo.com entered name at signing as Liliana Garcia
2024-09-23 - 11:18:57 PM GMT- IP address: 172.56.182.170

Document e-signed by Liliana Garcia (garcialiliana65@yahoo.com)
Signature Date: 2024-09-23 - 11:18:59 PM GMT - Time Source: server- IP address: 172.56.182.170

Agreement completed.
2024-09-23 - 11:18:59 PM GMT

Adobe Acrobat Sign

**EXHIBIT ONE (1)**

GARCIA COMPLAINT FOR VIOLATION OF TITLE VII; DEMAND FOR JURY TRIAL



# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**Los Angeles District Office**
255 East Temple St, 4th Floor
Los Angeles, CA 90012
(213) 785-3090
Website: www.eeoc.gov

## DISMISSAL AND NOTICE OF RIGHTS

(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 06/25/2024

**To:** Liliana Garcia
12444 Dos Palmas Road
Victorville, CA 92392
Charge No: 480-2023-00335

EEOC Representative and email:   CHANGKI LEE
Investigator
changki.lee@eeoc.gov

---

### DISMISSAL OF CHARGE

The EEOC has granted your request for a Notice of Right to Sue, and more than 180 days have passed since the filing of this charge.

The EEOC is terminating its processing of this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission,

Digitally Signed By:Christine Park-Gonzalez
06/25/2024

Christine Park-Gonzalez
District Director

Cc:
Ryan L Church Esq.
Chaffey College
5885 Haven Avenue
Rancho Cucamonga, CA 91737

Nicole Pearson Esq.
Mike Yoder Esq  Attorney At Law
2300 Wilson Blvd. Suite 700
Arlington, VA 22201

Michael Yoder Esq.
Mik Yoder Esq  Attorney At Law
2300 Wilson Blvd. Suite 700
Arlington, VA 22201


Please retain this notice for your records.